UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION


IN RE:

CASEY RYAN FORD
ERIKA PAIGE FORD

DEBTORS                                            CASE NO. 06-20692
                                                   CHAPTER 13

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the Debtors' objection to the claim of creditor SST, Inc. ("SST"), filed as "Objection to SST, Inc.'s Proof of Claims." SST filed its Response to Debtors' Objection to Claim and the Debtors filed a memorandum in support of their objection. SST then filed its Second Response to Debtors' Objection to Claim. The matter was heard on March 13, 2007, and taken under consideration for decision. For the reasons set out below, the court will overrule the Debtors' objection.

The Debtors filed a Chapter 7 petition on August 23, 2006. They moved to convert their case to a Chapter 13 on October 4, 2006, and an order granting their motion was entered on October 23, 2006. SST filed its secured claim (Claim #5) on October 31, 2006 in the amount of $14,648.90. SST's supporting documentation shows that the consideration for the debt is a retail installment contract with security agreement in regard to a 2005 Hyundai Elantra. The vehicle's title lien statement contains the names of the Debtors and identifies the secured party as AmTrust Auto Finance. The title lien statement is signed only by the Debtors.

The Debtors' objection is based on the fact that there is no

1

signature on behalf of SST on the title lien statement, and that AmTrust Auto Finance is identified as the secured party thereon, not SST.  As concerns the identification of the secured party, SST states in its response that is was granted a Limited Power of Attorney by Ohio Savings Bank to perform any necessary acts to collect and enforce rights in its receivables and those of its subsidiaries, including AmTrust Auto Finance.  A copy of the Limited Power of Attorney shows this to be the case.  The Debtors have not responded to this evidence, and the court presumes they have abandoned that aspect of their argument.

The requirements for a proper title lien statement are set out in KRS 186A.195 which provides in pertinent part:

> (1) As used in this chapter, a title lien statement is a document to be submitted by the secured party to the county clerk.  Upon submission of the title lien statement, the county clerk shall use the information contained therein to note the security interest on the certificate of title. . . . .
> . . . .
> (5) The security interest noted on the certificate of title shall be deemed perfected at the time the security interest attaches (KRS 355.9-203) if the secured party tenders the required fees and submits a properly completed title lien statement and application for first title . . . .

KRS 186A.195(1),(5).  KRS 186A.193 further provides that the title lien statement shall be "in a similar form and contain[] the same information as that provided for in KRS 355.9-502(1) . . ."  KRS 186A.193.  KRS 355.9-502(1) concerns the contents of a financing statement and provides that "a financing statement is sufficient only if it: (a) Provides the name of the debtor; (b) Provides the name of the secured party or a representative of the secured party; and (c) Indicates the collateral covered by the financing statement."  KRS

355.9-502(1).

The Debtors apparently take the position that the words "properly completed" in KRS 186A.195(5) implicate KRS 355.9-102(g) which provides a definition of the term "authenticate." Pursuant to that subsection, the term authenticate means ". . . [t]o sign; or [t]o execute or otherwise adopt a symbol. . . ." KRS 355.9-102(g). A failure to "authenticate" by signing has been determined to be a fatal flaw only in the case of a security agreement unsigned by the debtor. *See Meade v. Richardson Fuel, Inc.*, 166 S.W.3d 55, Ky.App. (2005), in which the debtor did not sign a security agreement and therefore did not fulfill the requirement of authentication under KRS 355.9-203(2)(c)(1). KRS 355.9-203(2) provides in pertinent part as follows:

> (2) Except as otherwise provided in subsections (3) to (9) of this section, a security interest is enforceable against the debtor and third parties with respect to the collateral only if:
>   (a) Value has been given;
>   (b) The debtor has rights in the collateral or the power to transfer rights in the collateral to a secured party; and
>   (c) One of the following conditions is met:
>   (1) The debtor has authenticated a security agreement that provides a description of the collateral . . . .

KRS 355.9-203(a)-(c)(1).

As the court observed, "[t]he requirement of authentication under KRS 355.9-203(2)(c) is that the debtor must sign a security agreement. KRS 355.9-102(g)." *Meade v. Richardson Fuel, Inc.*, 166 S.W.3d at 57. Not only is the requirement of authentication only relevant to a security agreement, it is addressed only to the debtor and not the secured party. A title lien statement is not a security agreement. As set out in KRS 186A.195, it is a mechanism for use by county clerks to note the secured party's security interest on a vehicle's

3

certificate of title. Further, there is nothing in that statute or in KRS 355.9-502(1) that requires that the debtor sign a title lien statement. As SST points out, even when KRS 355.9-402 (the predecessor to KRS 355.9-502) required a secured party to sign a financing statement, lack of a creditor's signature was held to be a minor error. *See Riley v. Miller*, 549 S.W.2d 314, Ky.App. (1977).

In consideration of all of the foregoing, the court concludes that the Debtors' objection to Claim #5 of creditor SST, Inc. should be, and it hereby is, overruled.

Copies to:

Alexander F. Edmondson, Esq.
Christopher A. Dawson, Esq.
Chapter 13 Trustee

4

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*William S. Howard*
**Bankruptcy Judge**
**Dated: Wednesday, March 21, 2007**
**(wsh)**